**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(Wilmington)**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:17-cv-01012-CFC |
| v. | ) | |
| | ) | |
| MICHAEL ELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this suit to permanently enjoin the defendants, Michael Eller, Jorge Bravo, Michael Eller Income Tax Service ("MEITS"), Nelson Graciano, Pedro Toala and all persons and entities in active concert or participation with them, from directly or indirectly:

    a.  aiding and assisting in the preparation of federal income tax returns that they know will result in the understatement of federal tax liabilities or the overstatement of federal tax refunds;

    b.  preparing or assisting in the preparation of federal tax returns, amended returns, or other tax-related documents and forms, including any electronically-submitted tax returns or tax-related documents, for others;

    c.  engaging in other activity subject to penalty under 26 U.S.C. §§ 6694, 6695 or 6701, or any other penalty provision of the Internal Revenue Code; and

    d.  engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## JURISDICTION AND VENUE

1. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401, 7402(a), 7407 and 7408.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the defendants reside or are located in this judicial district, and because a substantial part of the acts and activities giving rise to the government's claims for permanent injunction in this action occurred in this district.

3. Defendant Michael Eller resides in Wilmington, Delaware, within the jurisdiction of this Court.

4. Defendant Jorge Bravo resides in Philadelphia, Pennsylvania and operates MEITS in Delaware.

5. Defendant MEITS is a corporation registered in Delaware with its principal office in Wilmington, Delaware, within the jurisdiction of this Court.

6. Defendant Nelson Graciano resides in Newark, Delaware, within the jurisdiction of this Court.

7. Defendant Pedro Toala resides in Wilmington, Delaware, within the jurisdiction of this Court.

## DEFENDANTS' RETURN PREPARATION BUSINESS

8. Michael Eller began preparing income tax returns in 1993 and incorporated MEITS in 2004.

9. Michael Eller was MEITS' only shareholder.  He incorporated the business as an S-Corporation in 2004.

10. MEITS prepares Form 1040 federal income tax returns, for primarily for individuals, each filing season.

11. Jorge Bravo, Nelson Graciano and Pedro Toala prepare most of the returns for MEITS.

12. Michael Eller pled guilty to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1) for his 2008 federal income tax return and was sentenced to three years of probation.  See United States v. Eller, case No. 1:14-cr-00033-LPS (D. Del.), Dkt. No. 16.

13. Eller may have transferred his interest in MEITS to Jorge Bravo in 2015.

14. The defendants are income tax preparers within the meaning of 26 U.S.C. § 7701(a)(36) because they prepare other persons' federal income tax returns for compensation.

15. Internal Revenue Service records show that the defendants collectively prepared approximately 4,085 Form 1040 federal income tax returns in 2011; 3,880 in 2012; 3,902 in 2013; 3,873 in 2014; 3,673 in 2015; and 3,471 in 2016.

16. MEITS continues to operate a tax return preparation business and market its tax preparation services to new and former clients.

## DEFENDANTS PREPARED RETURNS THAT IMPROPERLY CLAIMED THE CHILD TAX CREDIT

17. The defendants repeatedly and continually improperly claimed additional child tax credits on their clients' returns to reduce their clients' tax liability or generate erroneous refunds for their clients.

18. The additional child tax credit is a refundable credit, which means that it can generate a refund exceeding the amount of income tax paid by an individual taxpayer.

3

See 26 U.S.C. § 24(d).  In other words, overstating the additional child tax credit can generate a decrease in tax liability or increase in tax refunds.

19. A taxpayer may only claim the additional child tax credit for qualifying children.  See 26 U.S.C. § 24(d).

20. For purposes of Code section 24, a qualifying child must be, in relevant part:  (1) a citizen or resident of the United States; (2) who is younger than 17; (3) who lives with the taxpayer for more than six months of the taxable year; and (4) for whom the taxpayer provides more than 50% of the financial support for the child during the taxable year. See 26 U.S.C. §§ 24(c), 152(b)(3)(A), 152(c).

21. The defendants prepared tax returns that allowed their clients to claim additional child tax credits for individuals who did not live with their clients at all.

22. The defendants prepared tax returns for their clients that improperly claimed additional child tax credits for individuals who did not live in the United States.

23. The defendants prepared tax returns for their clients that improperly claimed additional child tax credits for individuals without requiring the clients to substantiate that they provided more than 50% of the annual financial support for the claimed individuals.

24. The defendants also prepared tax returns for clients who were married and living together but improperly claimed Head of Household or Single status.  For other clients, the defendants improperly claimed Head of Household status and unqualified dependents.

25. The defendants also prepared tax returns that took improper Schedule A deductions and Schedule C business expenses and underreported income.

26. The following examples are illustrative of the defendants' fraudulent practices:

a. MEITS prepared a return for a couple who claimed five grandchildren as dependents, when none qualified as the children lived in Mexico and the 50% support rule was not met.

b. MEITS prepared returns for two married clients who went together to meet with the preparer and informed the preparer they were married and living together. The preparer prepared the returns with the filing status "single."

c. MEITS prepared a return that deducted $8,100 in medical expenses and $1,800 in cash charitable contributions when in fact the client did not make $1,800 in cash charitable contributions and had only $700 in medical expenses.

## HARM TO UNITED STATES

27. The defendants have caused substantial revenue losses to the United States.

28. The Internal Revenue Service audited 28 returns for 17 of the defendants' clients. Twenty-six of the audited returns or 93% had errors.  Twenty-five of those returns, or 89%, resulted in audit adjustments and the determination of tax deficiencies.  The average tax deficiency for the audited returns was $2,509.

29. The defendants prepared a total of 22,884 returns from 2011 to 2016.

30. In addition to these known losses arising from the defendants' illegal tax return preparations, the United States has been required to use its resources and agents and others to audit tax returns prepared by the defendants, and to determine the correct federal income tax liabilities of their customers.

5

### ADDITIONAL INFORMATION ON RETURN PREPARATION
### BY JORGE BRAVO, PEDRO TOALA AND NELSON GRACIANO

31. Bravo's, Toala's and Graciano's lack of due diligence and failure to properly question clients led to improperly prepared tax returns containing unqualified deductions and credits.

32. Graciano utilized the PTIN belonging to Toala to identify himself on income tax returns he prepared for a 3-year period.

33. Bravo prepared the 2011 federal income tax return for Clients 1 and 2.  The Service examined the return for 2011 and determined the return improperly claimed a dependent child exemption in the amount of $740.00 for two children who did not live with the taxpayers. The examination resulted in a deficiency of $784.61 including interest to March 29, 2014.

34. Bravo prepared the 2012 federal income tax return for Clients 1 and 2.  The Service examined the return for 2012 and determined the return improperly claimed a dependent child exemption in the amount of $760.00 for two children who did not live with the taxpayers. The examination resulted in a deficiency of $782.57 including interest to April 6, 2014.

35. Bravo prepared the 2011 and 2012 federal income tax returns for Clients 3 and 4.  The Service examined the returns. The Service determined the 2011 return improperly claimed a dependent child exemption for two people who did not live with the taxpayers and for whom they did not provide over 50 percent of the person's total support as well as a residential energy credit and a dependent child exemption for 1 person who lived with the taxpayers but for whom they did not establish they provided 50 percent of the

person's total support. The Service determined the 2012 return improperly claimed a dependent child exemption for two people who did not live with the taxpayers and for whom they did not provide over 50 percent of the persons' total support. The Service determined the 2012 return improperly claimed a dependent child exemption for one person who lived with the taxpayers and for whom they did not provide over 50 percent of the persons' total support. The examination resulted in a deficiency of $3,040.71 for 2011 including interest to March 7, 2014 and a deficiency of $2,783.59 for 2012 including interest to March 7, 2014.

36. Bravo prepared the 2012 and 2013 federal income tax returns for Clients 5 and 6. The Service examined the returns. The Service determined that for both years the taxpayers' returns improperly claimed a dependent child exemption for four people who did not live with the taxpayers and for whom they did not provide over 50 percent of the person's total support. The examination resulted in a deficiency of $2,053.84 for 2012 including interest to December 31, 2014 and a deficiency of $2,296.56 for 2013 including interest to December 31, 2014.

37. Bravo prepared the 2011 and 2012 federal income tax returns for Clients 7 and 8. The Service examined the returns. The Service determined that for 2011, the return improperly claimed Schedule A deductions for taxes, home interest and total interest. The Service determined that for 2012, the return improperly claimed Schedule A deductions for investment interest, and total interest expenses. The examination resulted in a deficiency of $1,969.31 for 2011 including interest to May 3, 2014 and a deficiency of $1,369.42 for 2012 including interest to May 3, 2014.

7

38. Toala prepared the 2011 and 2012 federal income tax returns for Clients 9 and 10. The
    Service examined the returns. The Service determined that for 2011, the return
    improperly claimed Schedule A deductions for medical, dental and insurance premiums,
    net medical and dental expenses and contributions.  The Service determined that for
    2012, the return improperly claimed Schedule A deductions for contributions. The
    Service determined that for both years, the returns improperly claimed as dependents
    relatives who lived in Mexico and for whom the taxpayers could not establish met the
    tests for a qualifying relative by providing more than half their support. The examination
    resulted in a deficiency of $3,204.41 for 2011 including interest and penalties to February
    8, 2014 and January 9, 2014, respectively. The examination resulted in a deficiency of
    $2,047.71 for 2012 including interest and penalties to February 8, 2014 and January 9,
    2014, respectively.

39. Bravo prepared the 2012, 2013 and 2014 federal income tax returns for Clients 11 and
    12. The Service examined the returns. The Service determined that for 2012 and 2013,
    the returns failed to report all taxable income using reasonable estimates based on known
    sources of income and deductible expenses. The returns for all three years understated the
    self-employment tax due and the 2013 return improperly claimed a Schedule C1 business
    expense for a rent or lease. The Service disallowed improperly claimed rental income
    losses for the 2013 and 2014 years. The examination resulted in a deficiency of $950.61
    for 2012 including interest to June 12, 2015. The examination resulted in a deficiency of
    $2,655.74 for 2013 including interest to June 12, 2015. The examination resulted in a
    deficiency of $1,170.57 for 2014 including interest to June 12, 2015.

8

40. Toala prepared a Form 1040A return for Client 13 for 2014. The return improperly claimed single status, when the taxpayer was living with his wife and was required to file married filing separately, if not jointly.

41. Graciano prepared a 2013 federal income tax return for Client 14. The Service examined the return. It improperly claimed she had head of household status when she was married and living with a spouse. The examination resulted in a deficiency of $345.

## COUNT I
### Injunction Under 26 U.S.C. § 7407

42. Plaintiff incorporates by reference the allegations in all the preceding paragraphs.

43. Under 26 U.S.C. § 7407, Congress has authorized the United States to seek an injunction against any tax preparer who, among other things, has engaged in any conduct subject to penalty under Code section 6694.

44. If a return preparer's conduct is continual and/or repeated and the court finds that a narrower injunction (*i.e*., prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer altogether.

45. Code Section 6694(a) penalizes a tax return preparer who prepares a return understating the taxpayer's liability due to an unreasonable position (one for which there is no substantial authority), and the preparer knew or should have known of the position.

46. Code Section 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

9

47. The defendants continually and repeatedly prepared and filed federal tax returns that falsely reported that their clients are entitled to additional child tax credits, thereby overstating the amount of additional child tax credit claimed by their clients and enabling them to receive greater refunds then they were legitimately entitled to receive.

48. The returns prepared by the defendants or their agents contain unrealistic, unreasonable, and frivolous positions with no basis in fact.

49. The defendants willfully attempted to understate the federal income tax liabilities of their clients when they prepared returns that claimed the additional tax credit for individuals who did not meet the statutory requirements set forth in 26 U.S.C. §§ 24 and 152. Additionally, defendants recklessly and intentionally disregarded the statutory rules for claiming the child tax credit when they prepared these returns.

50. The defendants understated their clients' correct tax liabilities and thus engaged in conduct subject to penalty under either 26 U.S.C. §§ 6694(a) or 6694(b).

51. The defendants continue to operate and market their tax return preparation businesses.

52. Because the defendants are likely to continue preparing federal tax returns for clients that enabled them to receive greater refunds than they are legitimately entitled to receive, injunctive relief is appropriate and necessary to prevent their continued misconduct and the loss of federal tax revenue.

53. Penalties and other administrative measures are insufficient to deter the defendants' misconduct.

54. Accordingly, the defendants should be permanently enjoined under 26 U.S.C. § 7407 from acting as income tax preparers and/or assisting in the preparation of federal income

10

tax returns because a more limited injunction would be insufficient to stop their

interference with the proper administration of the tax laws.

## COUNT II
### Injunction Under 26 U.S.C. § 7408

55. Plaintiff incorporates by reference the allegations in all the preceding paragraphs.

56. Code Section 7408 authorizes a district court to enjoin any person from engaging in

conduct subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to

prevent recurrence of such conduct.

57. Code Section 6701(a) penalizes any person who aids or assists in, procures, or advises

with respect to the preparation or presentation of a federal tax return, refund claim, or

other document knowing (or having reason to believe) that it will be used in connection

with any material matter arising under the internal revenue laws and knowing that if it is

so used it will result in an understatement of another person's tax liability.

58. The defendants continually and repeatedly prepared and filed tax returns claiming

additional child tax credits for clients who were not legitimately entitled to receive such

credits, knowing that they would result in that the understatement of their clients' federal

tax liabilities.

59. If the Court does not enjoin the defendants, they are likely to continue to engage in

conduct subject to penalty under 26 U.S.C. § 6701.

60. Injunctive relief is therefore appropriate under 26 U.S.C. § 7408 to prevent the recurrence

of the conduct complained above.

## COUNT III
### Injunction Under 26 U.S.C § 7402(a)

61. Plaintiff incorporates by reference the allegations in all the preceding paragraphs.

62. Code Section 7402(a) authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

63. The defendants, through the actions described above, engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

64. Unless enjoined, the defendants are likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

65. If the defendants are not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury through the losses of tax revenue as a result of the overstatement of the tax refunds by the issuance of federal income tax refunds to individuals not entitled to receive them.

66. Enjoining the defendants is in the public interest because an injunction will stop the defendants' illegal conduct and the harm it causes the United States and its citizens.

67. The Court should impose injunctive relief under 26 U.S.C. § 7402(a) prohibiting the defendants from acting as federal income tax return preparers.

WHEREFORE, the United States of America prays for the following:

A.      That the Court find that the defendants continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694; that injunctive relief is appropriate to prevent the recurrence of such conduct; that defendant Michael Eller violated 26 U.S.C. § 7206(1); that an injunction prohibiting defendants from engaging in conduct subject to penalty under 26 U.S.C. § 6694 would be insufficient to prevent defendants from interfering with the proper administration of the internal revenue laws; and accordingly, pursuant to 26 U.S.C. § 7407, the Court enter a permanent injunction prohibiting the defendants from acting as federal tax return preparers;

12

B.      That the Court find that the defendants engaged in conduct subject to a penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

C.      That the Court find that the defendants engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

D.      That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting the defendants, and all those in active concert or participation with them, from:

(a)     Acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;

(b)     Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;

(c)     Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701 or any other penalty provision in the Internal Revenue Code;

(d)     Representing, or appearing on behalf of, any other person before the Internal Revenue Service; and

(e)     Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue laws.

E.      That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring the defendants to contact, within 30 days of the Court's order, by United States mail

13

and, if an e-mail address is known, by e-mail, all persons for whom they prepared, or assisted in preparing, federal tax returns to inform them of the permanent injunction entered against them;

F.      That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring the defendants to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom he prepared, or assisted in preparing, federal tax returns;

G.      That the Court retain jurisdiction over the defendants and over this action to enforce any permanent injunction entered against them;

H.      That the United States be permitted to conduct discovery to monitor the defendants' compliance with the terms of any permanent injunction entered against him; and

I.      That the Court grant the United States such other and further relief, including costs, as is just and reasonable.

Dated: March 29, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

 /s/   Ann E. Nash
ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel: (202) 307-6489
Fax: (202) 514-6866
ann.e.nash@usdoj.gov

Of Counsel:

DAVID C. WEISS

14

United States Attorney